UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOEY ALLEN FRINKEL,

    Plaintiff,

    v.

JEFFERY RICHWINE,

    Defendant.

CAUSE NO. 3:22-CV-856-JD-MGG

OPINION AND ORDER

Joey Allen Frinkel, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Frinkel is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Based upon the page numbering, it appeared that a page may have been missing from the complaint. The court granted Mr. Frinkel until December 2, 2022, to file an amended complaint if he felt corrections were needed, and cautioned him that if he did not file an amended complaint by the deadline, the court would proceed to screen the original complaint. (ECF 4.) The deadline has passed and he did not file an amended complaint.

Mr. Frinkel is in custody at the Pulaski County Jail. He claims that the conditions at the jail are very poor. Specifically, he claims there is "black mold" on his cell walls and window, his window leaks when it rains, and the ventilation system "barely works." These conditions combined together make it difficult for him to breathe. He further claims that water is leaking through a light in the shower, which makes him afraid he may be electrocuted when he uses the shower. He also claims that the toilets he has access to "barely flush" and are "always clogging up." Based on these conditions, he sues Pulaski County Sheriff Jeffery Richwine, seeking monetary damages and other relief.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry.[2] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of prison staff leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to "humane conditions of confinement," which includes being given "adequate food, clothing, [and] shelter." *Thomas v. Blackard*, 2 F.4th 716, 719 (7th Cir. 2021). "Some conditions of

---

[2] Public records reflect that on September 17, 2022, Mr. Frinkel pled guilty to intimidation and was sentenced to serve one year in prison. *State v. Frinkel*, No. 66D01-2207-F6-000097 (Pulaski Sup. Ct. closed Sept. 17, 2022). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). Because he has been convicted and sentenced, his rights arise under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The deliberate indifference standard imposes a "high hurdle," requiring a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to state an Eighth Amendment claim. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Here, Mr. Frinkel alleges that he is exposed to excessive amounts of mold, the ventilation system barely works, his window leaks, the toilets often don't flush, and there is a dangerous condition in the shower. This combination of circumstances plausibly alleges the denial of his right to adequate shelter. On the subjective prong, the only defendant he names is the Pulaski County Sheriff. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Sheriff cannot be held liable for damages solely because he oversees operations at the jail. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Supervisory correctional staff can be held liable for a constitutional violation by a subordinate if they "know

3

about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019).

Mr. Frinkel does not mention the Sheriff by name anywhere in the narrative section of the complaint, and there is no basis to infer that he was personally involved in these events or that he knew about unlawful conduct by a subordinate employee and condoned or facilitated it. Mr. Frinkel attaches a grievance he filed about the mold, but it was directed to and answered by the Jail Warden, who stated that he contacted the jail's maintenance department in response to Mr. Frinkel's concern. (ECF 1-1.) Mr. Frinkel has not stated a claim for damages against the Sheriff.

Nevertheless, the complaint can be read to allege that Mr. Frinkel has an ongoing need to be housed under conditions that do not pose a risk to his health or safety. The Jail Warden has both the authority and the responsibility to ensure that inmates at his facility are provided with constitutionally adequate conditions of confinement. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Frinkel will be permitted to proceed on a claim against the Jail Warden in his official capacity for injunctive relief related to his ongoing need for adequate shelter.

For these reasons, the court:

(1) DIRECTS the clerk to add the Pulaski County Jail Warden as a defendant;

(2) GRANTS the plaintiff leave to proceed on an official capacity claim against the Pulaski County Jail Warden related to his need to be housed under safe and sanitary conditions as required by the Eighth Amendment;

(3) DISMISSES Jeffery Richwine as a defendant;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Pulaski County Jail Warden at the Pulaski County Jail and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Pulaski County Sheriff's Office to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(7) ORDERS the Pulaski County Jail Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 9, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT